IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICHAEL PHILLIPS                                                                                    PLAINTIFF

v.                             Civil No. 4:13-cv-4108

JAMES SINGLETON;
JOHNNY GODBOLT;
LT. STEVEN GLOVER;
PE'AIR SUMMERVILLE;
and HEATH ROSS                                                                                     DEFENDANTS

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff Michael Phillips pursuant to 42 U.S.C. § 1983.  According to Plaintiff's address of record he is not currently incarcerated.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is Plaintiff's failure to comply with a Court order and failure to prosecute this matter.  After careful consideration, the Court makes the following Report and Recommendation.

**1.    BACKGROUND**

Plaintiff filed his Complaint on November 12, 2013.  ECF No. 1.  In his Complaint, Plaintiff claims Defendants violated his constitutional rights by the use of excessive force.  At the time he filed his Complaint, Plaintiff was incarcerated in the Hempstead County Detention Center ("HCDC").  On December 3, 2014, Plaintiff notified the Court that he was released and provided the Court with his current address of record in Hope, Arkansas.  This was the last communication

the Court received from Plaintiff.

On January 6, 2015, the Court issued a Scheduling Order setting an evidentiary hearing in this matter for April 8, 2015. ECF No. 19. In this Order, Plaintiff was directed to file his witness and exhibit lists with the Court no later than March 9, 2015. ECF No. 19. Additionally, on February 24, 2015, the Court sent Plaintiff a reminder letter, to his address of record, reminding him that his witness and exhibit lists were due no later than March 9, 2015. On March 11, 2015, the Court issued an Order to Show Cause directing Plaintiff to show cause why he failed to comply with the Scheduling Order and to file his witness and exhibit lists. These orders nor the letter were returned to the Court as undeliverable mail. As of the date of this Report and Recommendation, Plaintiff has not responded or filed his witness or exhibit lists.

**2.    APPLICABLE LAW**

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962)

(the district court possess the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'"  *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added).  Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000).  The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily."  *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

**3.    DISCUSSION**

Plaintiff has failed to comply with the Court's January 6, 2015 Scheduling Order and the March 11, 2015 Order to Show Cause.  Further, Plaintiff has failed to prosecute this matter.  The Court presumes that Plaintiff has received all mailings sent to his current address of record as these mailings have not been returned as undeliverable.  Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) the Court recommends Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.  *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

**4.    CONCLUSION**

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 1) be **DISMISSED** without prejudice on the grounds that Plaintiff has failed to comply with the Federal Rules of Civil Procedure and Local Rules and failed to prosecute this matter.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 20th day of March 2015.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE